UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:26-cv-04501-MWC-BFM                          Date: May 7, 2026

Title:     1212 N. Gower St. LLC v. Rebekah Muhammad, *et al.*


Present:  The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|:---:|:---:|
| N/A | N/A |


**Proceedings:   (IN CHAMBERS) ORDER *SUA SPONTE* REMANDING ACTION TO SUPERIOR COURT (DKT. [1]) AND DENYING AS MOOT DEFENDANT'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (DKT. [3]) [JS-6]**

Defendant Rebekah Muhammad ("Defendant") has removed this unlawful detainer action to this Court.  *See* Dkt. # 1 ("*Not. of Removal*").  Because the Court determines that it lacks subject-matter jurisdiction over this case, the Court *sua sponte* **REMANDS** this action to the Superior Court of California, County of Los Angeles (Case No. 26STUD01324) and **DENIES AS MOOT** Defendant's Application to Proceed *in forma pauperis* (Dkt. # 3).

I.     Factual Background & Procedural History

Plaintiff 1212 North Gower St., LLC ("Plaintiff") filed an unlawful detainer action against Defendant in Los Angeles Superior Court.  *See Not. of Removal* at 1.  According to the state court pleadings, Defendant allegedly failed to pay the monthly agreed-upon rent of $3300.00 per month.  *See id.* at 8.  The Plaintiff has expressly noted that the "amount demanded" "does not exceed $10,000," and has explicitly asked for "past-due rent of $9850.00" plus "$320.00" in costs.  *See id.* at 7, 11.  Plaintiff also seeks equitable relief in the "possession of the premises." *Id.* at 11.

On April 28, 2026, Defendant removed this action to federal court, maintaining that "[f]ederal question exists because Defendant's Answer . . . depends on the determination

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:26-cv-04501-MWC-BFM                          Date: May 7, 2026

Title:      1212 N. Gower St. LLC v. Rebekah Muhammad, *et al.*


of Defendant's rights and Plaintiff's duties under federal law."[1]  *See id.* at 3.  Defendant filed an Application to Proceed *in forma pauperis* on that same date, and this action was assigned to this Court on May 6, 2026.  Dkts. # 3 & 4.

     II.     Legal Standard

     "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  As such, "[i]t is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen*, 511 U.S. at 377 (internal citations omitted); *Gila River. Indian Cmty. v. Schoubroek*, 145 F.4th 1058, 1070 (9th Cir. 2025) (same).  It is well-established that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Foster v. Chatman*, 578 U.S. 488, 496 (2016) (internal quotation marks and citation omitted); *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 759 (9th Cir. 2023); Fed. R. Civ. P. 12(h)(3).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  The Ninth Circuit recognizes a "strong presumption against removal," requiring that any doubts as to removability should be resolved in favor of remand.  *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018); *Robertson v. GMAC Mortg., LLC*, 640 F. App'x 609, 611 (9th Cir. 2016).  The defendant bears the burden of demonstrating that removal is proper.  *Hansen*, 902 F.3d at 1057; *Robertson*, 640 F. App'x at 611.

---

[1] Defendant failed to file a copy of his Answer, in violation of 28 U.S.C. § 1446(a), which commands that the removing defendant's Notice of Removal "contain[] a short and plain statement of the grounds for removal, together with a copy of all process, pleading, and orders served upon such defendant or defendants in such action."  Defendant attached "Exhibit A" to his Notice of Removal, which contains several papers from the underlying state court action.  In Superior Court, Defendant's form Answer states that there is further "[e]xplanation [ ] on form MC-025, titled as Attachment 2b(1)," citing to "Paragraph numbers: 7-21," and additional "[e]xplanation [] on form MC-025, titled as Attachment 2b(2)."  *See Not. of Removal* at 12.  However, Defendant failed to attach this MC-025 form to his Notice of Removal.  Nevertheless, for the purpose of this Order, the Court accepts Defendant's representation that he raised a "defective Notice to Quit" in his Answer.  *See id.* at ¶¶ 1, 7.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.  2:26-cv-04501-MWC-BFM                              Date: May 7, 2026

Title:     1212 N. Gower St. LLC v. Rebekah Muhammad, *et al.*


III.    <u>Discussion</u>

Upon review of the Complaint and state court papers, the Court determines it lacks subject-matter jurisdiction over this case.  The Court therefore must remand this action back to Superior Court.

The removal statute prescribes that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").  Federal courts have original jurisdiction "over two general types of cases: those raising federal-law questions (28 U.S.C. § 1331) and diversity jurisdiction (28 U.S.C. § 1332(a))."  *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019).  Defendant asserts the Court has jurisdiction over this unlawful detainer action pursuant to federal-question jurisdiction.  *See Not. of Removal* ¶¶ 5, 8.

"Removal based on federal-question jurisdiction is reviewed under the well-pleaded complaint rule."  *Hansen*, 902 F.3d at 1057.  Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 392 (citation omitted); *Hansen*, 902 F.3d at 1057; *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1091 (9th Cir. 2025).  Thus, a federal question must either appear on the face of Plaintiff's Complaint or be completely preempted by federal law.  *See Renteria-Hinojosa*, 150 F.4th at 1092.  "[W]here a plaintiff asserts what is plainly a state-law claim, the presence of a federal question . . . in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule, and a *defendant* cannot, merely by injecting a federal question into an action through a defensive argument, transform the action into one arising under federal law."  *Id.* (emphasis in original) (internal quotation marks and citation omitted).  In other words, "a defendant cannot remove on the basis of a federal defense."  *Hansen*, 902 F.3d at 1057 (quotation marks and citation omitted).  Instead, "[t]he federal issue must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."  *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (quotation marks and citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-04501-MWC-BFM                                    Date: May 7, 2026

Title:     1212 N. Gower St. LLC v. Rebekah Muhammad, *et al.*

The present action is an unlawful detainer action, which indisputably "does not arise under federal law." *Mou Un Wong v. Dawson*, No. 5:21-cv-01006-EJD, 2021 WL 1916467, at *2 (N.D. Cal. Mar. 15, 2021); *see also Hanes v. Washington*, No. EDCV 25-2366 JGB (SPx), 2025 WL 2799315, at *1 (C.D. Cal. Sept. 30, 2025). Indeed, "[i]t is well-established that an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law." *Satellite Affordable Hous. Assocs. v. Joachim*, No. 26-cv-01698-HSG, 2026 WL 936945, at *2 (N.D. Cal. Apr. 7, 2026) (quotation marks and citation omitted); *H & K Invs., LP v. Erfe*, No. 2:12-cv-00938 LKK KHN PS, 2012 WL 1657744, at *3 (E.D. Cal. May 10, 2012) ("Here, plaintiff filed its Complaint in the Superior Court asserting a single claim for unlawful detainer premised solely on California law."). "Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint." *H & K Invs.*, 2012 WL 1657744, at *3. Accordingly, the well-pleaded complaint rule is not satisfied.

Defendant also removed this action, in part, because her asserts that his Answer raised a federal defense in failing to comply with The Protecting Tenants Moratorium Act. *See Not. of Removal* ¶ 7 ("Defendant filed his Demurrer to the complaint based on a defective notice, i.e., the Notice to Pay or Quit, failed to comply with The Protecting Tenants Moratorium Act [1179.10(b)]."). However, Defendant's position fails for two reasons. First, "the only statute [Defendant] references is 'The Protecting Tenants Moratorium Act [1179.10(b)]' which appears to be a reference to section 1179.10 of the California Code of Civil Procedure." *Alamitos Gardens, LP v. Saavedra*, No. 2:23-cv-01999-JLS-PVC, 2023 WL 2813561, at *1 (C.D. Cal. Apr. 5, 2023). Thus, Defendant has apparently invoked a *state law* defense, as opposed to a federal law defense. Second, even if Defendant *did* invoke a federal law in his Answer, federal-question jurisdiction cannot be premised on a defendant's Answer or defense. *See Renteria-Hinojosa*, 150 F.4th at 1092. Accordingly, removal pursuant to 28 U.S.C. § 1331 is improper. To the extent that Defendant maintains that instead, diversity jurisdiction exists, Defendant has failed to assert the citizenship of each party, and the state court record indisputably reflects that the amount-in-controversy is not satisfied in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:26-cv-04501-MWC-BFM                                    Date: May 7, 2026

Title:      1212 N. Gower St. LLC v. Rebekah Muhammad, *et al.*

---

IV.   Conclusion

For the foregoing reasons, the Court *sua sponte* **REMANDS** this action (Dkt. # 1) to the Superior Court of California, County of Los Angeles (Case No. 26STUD01324). Defendant's Application to Proceed *in forma pauperis* (Dkt. # 3) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

                                                                              :
                                                    **Initials of Preparer**   TJ